IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHUNG T. CHENG, and
KEITH OLIVER

                              Plaintiffs,

       v.                                        1:06-cv-2326-WSD

SIGHTING SYSTEM
INSTRUMENTS, LLC, and GOOD
SPORTSMAN MARKETING, LLC,

                              Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Chung T. Cheng and Keith

Oliver's ("Plaintiffs") Motion for Stay of Case and Administrative Closure.  (Mot.

for Stay [9].)

## I.     FACTUAL BACKGROUND

This case is related to a declaratory judgment action filed on August 5, 2005,

in the Northern District of Texas ("the Texas action") by Sighting System

Instruments, LLC ("SSI") and Good Sportsman Marketing, LLC ("GSM") against

Prestige Law Enforcement and Amstech, Inc.–two licensees of United States

Patent No. 6,622, 414 ("the '414 Patent").  Prestige and Amstech had claimed that

SSI and GSM were infringing the '414 Patent.  SSI and GSM filed the Texas action to obtain a declaratory judgment that they were not infringing the patent.

On September 15, 2005, Prestige and Amstech moved to stay the Texas action on the grounds that a request for reissuance of the '414 patent had been filed and was still pending with the United States Patent and Trademark Office ("USPTO").  On September 11, 2006, the Texas district court denied the motion to stay.[1]

On September 27, 2006, while the Texas action was still pending, Plaintiffs[2] filed this action, alleging that SSI and GSM are violating the '414 patent.  Two months later, on November 27, 2006, Plaintiffs filed this Motion for Stay.  Relying on the same arguments that Prestige and Amstech made in the Texas action, Plaintiffs here ask the Court to stay and administratively close these proceedings until after the USPTO resolves Plaintiffs' application for reissuance of the '414 Patent.

---

[1]  On November 2, 2006, the court transferred the case to the Northern District of Georgia, where it is currently pending before this Court.

[2]  In their Complaint, Plaintiffs allege they are the inventors of the '414 Patent.

Plaintiffs' reissue application requests that 14 new claims be added to the six claims of the '414 Patent.  Plaintiffs' reason for filing the reissuance  application, as stated in their declaration to the USPTO, is that they "claimed less than we were entitled to claim."  Plaintiffs contend that these new claims, if issued, would substantially affect this litigation, and they therefore ask the Court to stay and administratively close the proceedings until the USPTO determines whether to reissue the '414 patent with any of the requested additional claims.

Defendants respond that this Court should deny the Motion to Stay because the district court in Texas denied a substantially identical request in the Texas action, a stay will prejudice Defendants by forcing them to remain accused of infringement, and it will not simplify discovery or the course of the trial.

## II.    DISCUSSION

A district court has, incident to its power to control its own docket, broad discretion to stay proceedings.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983) (citing Landis v. North American Co., 299 U.S. 248, 254-255 (1936)).  In determining whether to stay litigation pending resolution of proceedings by the USPTO, courts have applied the standard set out in Xerox Corp. v. 3Com Corp., 69 F. Supp.2d 404, 406-07 (W.D. N.Y. 1999).  See Sighting

Sys. Instruments, LLC v. Prestige Law Enforcement, Inc., 2006 WL 2642184, at

*1 (N.D. Tex. Sep 11, 2006); Alltech, Inc. v. Cenzone Tech, Inc., 2007 WL

935516, at *2 (S.D. Cal. Mar 21, 2007) (applying the Xerox factors in denying a

request for a stay pending reexamination of a patent); Perricone v. Unimed

Nutritional Services, Inc., 2002 WL 31075868, at *1 (D. Conn. Jul 18, 2002)

(same); Abbott Diabetes Care, Inc. v. DexCom, Inc., 2006 WL 2375035, at *5 (D.

Del. Aug 16, 2006) (same); Centillion Data Systems, LLC v. Convergys Corp.,

2005 WL 2045786, at *1 (S.D. Ind. Aug 24, 2005).

     The Xerox court stated that district courts should consider the following

factors when deciding whether to stay litigation pending resolution of an

application filed with the USPTO: "(1) whether a stay would unduly prejudice or

present a clear tactical disadvantage to the non-moving party; (2) whether a stay

will simplify the issues in question and trial of the case; and (3) whether discovery

is complete and whether a trial date has been set."  Xerox Corp., 69 F. Supp.2d at

406-407.

*Prejudice to the Defendants*

Plaintiffs argue that a stay would not unduly prejudice Defendants because the case is in the early stages of litigation, and a stay will conserve judicial resources by avoiding a second trial on the newly submitted independent claims in the reissuance application.  Plaintiffs also argue that denial of a stay would not eliminate Defendants' uncertainty regarding their alleged infringement because they would still be required to litigate a second action based on the newly submitted patent claims.  (Pl. Reply [13], at 6.)

Defendants point out that Plaintiffs waited two months after filing this lawsuit to seek a stay and filed this action after an entire year had passed since their request for reissuance by the USPTO.  Thus, they argue "it would be inequitable and improper to allow them to avoid a resolution of the accusation of infringement lodged at Defendants" by granting a stay.  (Opp. to Mot. for Stay [12], at 12-13.)

The Court agrees that a stay would unduly prejudice Defendants in this case. The uncertainty caused by a stay could impose harm to Defendants in several ways.  Defendants might well have difficulty pricing goods which Plaintiffs claim are infringing on the '414 Patent, and Defendants' sales could suffer as a result of the accusation of infringement.  While a stay may eliminate the need for a second

lawsuit, "the *potential* for a later suit based on the reissued patent that *might* include new claims if they are accepted by the USPTO does not eliminate the very real prejudice the [Defendants] are suffering due to the uncertainty surrounding the . . . claims of infringement."  (Order of Texas District Court Denying Stay, at 5.) The first prong of the <u>Xerox</u> test counsels against granting a stay.

> *Effect of the USPTO Proceedings on the Case*

The Court next considers whether a stay will simplify the issues and trial of the case.  Plaintiffs argue that their requested reissuance of the '414 patent seeks the addition of two newly submitted independent claims which are not in the original '414 patent.  They argue that once these new claims are issued, the parties will be obligated to litigate a second infringement action based on the new patent claims.  Plaintiffs assert that the issues in the second infringement action will be substantially identical to the first litigation, except for the language of the new patent claims, and that avoiding this duplication "greatly simplifies the issues and narrows the scope of litigation."  (Pl. Reply, at 5.)  Defendants respond that the reissue request seeks only to add new claims to the patent, rather than narrow or modify the scope of any of the existing ones.  Thus, adding new claims not at issue

in this litigation would not simplify or reduce the issues before the Court.  The

Court agrees with Defendants.[3]

The pending proceedings before the USPTO will not simplify or limit the

issues currently before the Court.  Plaintiffs' reissue proceeding was initiated to

correct errors identified in the patent and to broaden its scope.  The issues before

the Court likely would not be simplified or limited by the USPTO, since the focus

is on expanding, rather than contracting, the scope of the patent.  Presumably, in

the original prosecution of the patent, the USPTO analyzed the relevant prior art

and created a record for the Court to consider in determining whether Defendants'

product infringes on Plaintiffs' patent.  The result of the USPTO proceeding is at

this point uncertain.  However, based on the introduction available, the Court

concludes that whatever the USPTO decides it is unlikely the decision will

substantially simplify the issues or the trial of this case.  In fact, an enlargement of

the claims and the patent scope  may well complicate and prolong the litigation.

For these reasons, the Court concludes that the second prong of the Xerox test

supports denial of the motion for stay.

---

[3] Indeed, if the claims at issue in this litigation are similar to the ones sought
to be added, as the Plaintiffs claim, conclusion of this litigation may allow the
parties to avoid litigation over any new claims allowed by the USPTO.

*Stage of the Litigation*

The third prong of the <u>Xerox</u> test requires the Court to consider whether discovery is complete and whether a trial date has been set.  Here, no trial date has been set, and discovery is not complete.  This case is not at an advanced stage of litigation, and no dispositive motions have been filed.  Even so, considering that the other two factors weigh strongly against a stay, this factor does not significantly advance Plaintiffs' stay request.

**III.   CONCLUSION**

Applying the criteria set out in <u>Xerox</u>, the Court concludes the considerations weigh against granting a stay.

Accordingly,

**IT IS SO ORDERED** that Plaintiffs' Motion for Stay of Case and Administrative Closure [9] is **DENIED**.

**SO ORDERED** this 3rd day of May, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE